**SO ORDERED**

**SIGNED this 13 day of May, 2025.**

_____
Pamela W. McAfee
United States Bankruptcy Judge

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## NEW BERN DIVISION

IN RE:

CASEY FARMS, LLC.,                                CASE NO: 25-01177-5-PWM
                                                  CHAPTER 12
  DEBTORS.

### ORDER DIRECTING JOINT ADMINISTRATION
### OF RELATED CHAPTER 12 CASES

THIS MATTER comes before the Court upon the Motion of Debtors William Charles Casey, Christopher Alan Casey, and Casey Farms, LLC ("CFLLC") (collectively, the "Debtors"), pursuant to §105 of the Bankruptcy Code and Bankruptcy Rule 1015(b), seeking an order directing the joint administration of the Debtors' cases, and establishing a consolidated list and matrix of parties to be served in these matters; and it appearing to the Court that good cause exists to allow the Motion, the Court finds and concludes as follows:

1. The Debtors filed three separate voluntary petitions seeking relief under Chapter 12 of the Bankruptcy Code. The Debtors continue in possession of their respective assets and operate their respective businesses as debtors-in-possession.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334, and this matter is a core proceeding under 28 U.S.C. §157(b)(2). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

3. This Court has authority to hear this matter pursuant to the General Order of Reference entered by the U.S. District Court for the Eastern District of North Carolina on August 3, 1984.

4. CFLLC is a limited liability company organized and existing pursuant to the laws of North Carolina. William Charles Casey and Christopher Alan Casey are the sole members of CFLLC, each owning 50% of the membership interests.

5. CFLLC owns various items of farm equipment.

6. Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates."

7. The cases involve affiliated Debtors and there is significant overlap of claims. The Debtors are jointly and severally liable with each other on most claims in the estates. Each Debtor pledged assets to secure various debts incurred or guaranteed by the others.

8. All three Debtors are liable to the largest single creditor, Truist Bank, which has security interests in various real and personal property owned by each of the three Debtors, jointly or separately.

9. Truist's efforts to collect its debt was the primary impetus for all three filings, particularly Truist's actions to foreclose on real estate owned by the individual debtors and enforce security interests in personal property owned by CFLLC.

10. Joint administration of the Debtors' Chapter 12 cases will permit the Clerk's Office to utilize a single docket for these cases and combine notices to creditors of the Debtors' respective estates and other parties in interest.

11. Joint administration will ensure that all parties in interest receive notice of matters before the Court in all of these cases, ameliorating the risk of oversight.

12. The Debtors anticipate that numerous notices, applications, motions, and other pleadings and orders in these cases will affect multiple Debtors. Joint administration will permit counsel for all parties to make all such filings using a single document rather than filing and serving multiple originals and copies of the same document filed in three different cases. The effect will be increased convenience and decreased costs of administration.

13. The entry of an order of joint administration will significantly reduce the volume of documents that otherwise would be filed and served, render the completion of various administrative tasks less costly, and minimize the number of unnecessary delays.

14.     The use of a common mailing matrix including cumulatively all parties in interest in all three cases will provide for proper notice in either case when service on all parties in interest is required.

15.     The rights of parties in interest will not be prejudiced by the entry of an order directing the joint administration of the Debtors' cases.  Each case will be treated separately, with its own distinct assets and creditors. Each Debtor shall submit its own monthly report.

NOW, THEREFORE, IT IS ORDERED:

1.     The Debtors' cases are consolidated for procedural purposes only and shall be jointly administered.  The case of Casey Farms, LLC, is designated as the lead case; all further filings relating to either case shall be filed only in that case, and the caption shall read "Casey Farms, LLC, *et al.*" with the case number of the Casey Farms, LLC, case;

2.     When service and notice on all parties in interest is required, service as shown on the common, consolidated mailing matrix attached to the Motion is sufficient, as the same may be amended from time to time; and

3.     This Order shall take effect immediately.

**END OF DOCUMENT**